UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN A. ASHBY, | Civil No. 08-4552 (PJS/AJB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| AUTUMN PARK INVESTMENT COMPANY LLC, and UNITED TOWING, INC., | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

This case involves a dispute between Plaintiff and his former landlord, Defendant Autumn Park Investment Company LLC, (hereafter "Autumn Park"). Plaintiff alleges that he rented an apartment from Autumn Park beginning in September 2005. (Complaint, [Docket No. 1], pp. 2-3, ¶ 10.) Near the end of 2006, Plaintiff asked Autumn Park to "make improvements to the heating system" in his apartment. (Id., p. 3, ¶ 15.) Autumn Park sent a maintenance man to the apartment, but he allegedly "disregarded Plaintiff's complaints

of lack of heat." (Id., ¶ 16.)  Thereafter, Plaintiff "continued to call and complain" about the lack of heat in his apartment, but Autumn Park allegedly ignored those repeated complaints. (Id., ¶ 17.)

One morning in February 2007, Plaintiff allegedly found that he had no heat at all in his apartment, so he called the police. (Id., ¶s 18-19.)  After Plaintiff "made a report to the police," Autumn Park made some repairs to the "boiler system." (Id., p. 4, ¶ 21.) Plaintiff then accused Autumn Park's repair crew of "intentionally track[ing] mud through out" his apartment, and he asked Autumn Park to have the carpet professionally steam-cleaned. (Id., ¶s 23-24.)  Autumn Park "reluctantly" agreed to have the carpet cleaned. (Id., ¶ 24.)

In late February 2007, Plaintiff left town for ten days, and when he returned, he found that his car had been towed from the parking lot of his apartment building.  He later learned that his car had been towed by Defendant United Towing, Inc., (hereafter "United"), at the request of Autumn Park. (Id., ¶s 25-28.)  Plaintiff then filed another police report, but the police declined to offer him any assistance because "it was a civil matter." (Id., p. 5, ¶ 30.)  Plaintiff was without his car for more than a week, and during that time he allegedly suffered considerable inconvenience. (Id., ¶s 31-32.) On March 4, 2007, Plaintiff allegedly "suffered a severe anxiety attack," and "had to be transported by ambulance to [a] hospital emergency room," because he was still without his car. (Id., ¶ 33.)

On March 8, 2007, Plaintiff recovered his car by paying United $437.27, but he discovered that the driver's door on the car "would not open." (Id., pp. 5-6, ¶s 36-38.) Plaintiff then filed another police report, claiming that his car had been damaged while it was being held by United. (Id., p. 6, ¶s 39.)

Plaintiff is now attempting to sue Defendants Autumn Park and United for allegedly (i) violating his rights under federal anti-discrimination statutes, (ii) breaching a "contract and implied contract of habitability and warranty," (iii) intentionally causing him "aggravation and emotional harm," and (iv) negligently causing him "undue financial hardship." (Id., pp. 7-8, ¶s 53, 57, 59, 61.) Plaintiff also claims that Defendant United violated his constitutional rights under the Fourth Amendment, and negligently damaged his car. He is seeking a judgment against Defendants for "compensatory and punitive damages," as well as attorney fees, and other relief.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of historical facts, which if proven true, would entitle the plaintiff to some legal redress against the named defendant(s) based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added).

In this case, Plaintiff claims that Defendants violated federal and state law by discriminating against him "based on race, gender, socio-economic status and disability." (Complaint, p. 7, ¶ 53.) However, Plaintiff has not alleged any facts to support any such claim. Although Plaintiff alleges that he is African-American, and that he is disabled, there

are no allegations suggesting that Defendants discriminated against him based on his race or alleged disability.  To the contrary, Plaintiff's pleading shows only that he has been involved in a commonplace landlord-tenant dispute.  His complaint clearly implies that Autumn Park retaliated against him because (a) he repeatedly complained about the lack of heat in his apartment and the damage allegedly done to his apartment, and (b) he ultimately filed a report with the police.  The complaint alleges that there was a direct connection between Plaintiff's complaints and the towing of his car.  (Complaint, pp. 4-5, ¶ 28.)  At the same time, there are no factual allegations suggesting that Plaintiff's race, gender, or alleged disability played any role in his ongoing dispute with Autumn Park, or that Autumn Park's allegedly wrongful acts and omissions were motivated in any way by Plaintiff's race, gender, or alleged disability.

It is even more clear that Plaintiff has failed to plead any actionable discrimination claim against United.  According to the complaint, Autumn Park hired United to tow Plaintiff's car, and United, which apparently is in the towing business, agreed to do the job.  There are no allegations in the complaint suggesting that United knew anything about Plaintiff's race, gender, or alleged disability, and there certainly are no allegations suggesting that United discriminated against Plaintiff based on race, gender, or disability.

The only other federal law claim raised in Plaintiff's complaint is his Fourth Amendment claim against United, for allegedly seizing his property, (i.e., towing his car), without a warrant.  However, Plaintiff cannot sue United under 42 U.S.C. § 1983, (or otherwise), for violating his federal constitutional rights, because there are no allegations suggesting that United was acting under color of state law.  See Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) ("[o]nly state actors can be held liable


under Section 1983"), cert. denied, 535 U.S. 1017 (2002).

Finally, having determined that Plaintiff has failed to plead any actionable federal law claim, the Court finds that Plaintiff's ancillary state-law claims – i.e., his claims of negligence, breach of contract, and intentionally causing "aggravation and psychological harm" – must be dismissed for lack of subject matter jurisdiction. Plaintiff allegedly resides in Nebraska, and both Defendants allegedly are residents of Minnesota, so there appears to be diversity of citizenship in this case for purposes of 28 U.S.C. § 1332. However, subject matter jurisdiction cannot be based on diversity of citizenship, unless the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a).

In order to meet the statutory amount in controversy requirement, a plaintiff must allege facts in his complaint, which show that his damages, if proven, will exceed the jurisdictional minimum of $75,000.00. Although the amount of damages demanded in a plaintiff's pleading will normally determine whether the amount in controversy requirement is satisfied, the demand of the complaint is not conclusive in every case. Regardless of how much money the plaintiff is requesting, federal courts can -- and should -- refuse to entertain diversity cases where it "'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994), quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

Here, Plaintiff's complaint does not include any specific demand for relief. Furthermore, while Plaintiff has vaguely alleged that Defendants somehow injured him, he not alleged any specific facts that would support a damage award anywhere close to the jurisdictional threshold amount of $75,000.00. Because there are no factual allegations suggesting that Plaintiff could possibly recover a damage award of more than $75,000.00,

the § 1332 amount in controversy requirement is not satisfied. Therefore, in the absence of any actionable federal law claims, Plaintiff's ancillary state law claims must be dismissed for lack of subject matter jurisdiction.

In sum, even with the benefit of liberal construction, Plaintiff's complaint does not describe any acts or omissions by either of the named Defendants that would entitle Plaintiff to any relief under any federal law, and Plaintiff's remaining state law claims must be dismissed for lack of jurisdiction. Because Plaintiff has failed to plead an actionable claim that can be entertained in federal court, it will be recommended that his IFP application be denied, and that this case be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

### III. RECOMMENDATION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED;

2. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: September 16, 2008

                                           s/ Arthur J. Boylan
                                          ARTHUR J. BOYLAN
                                          United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 30, 2008.